## VAN TINE v. HILANDS.

### (Circuit Court. S. D. New York. January 2, 1906.)

**1. PARTNERSHIP—ACCOUNTING BETWEEN PARTNERS—EXPENDITURES.**

On a partnership accounting, a partner is not entitled to credit for expenditures made by him which he deemed necessary and proper, unless it is shown that they related to the common undertaking and were in some way beneficial to the partnership.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partnership, § 132.]

**2. SAME.**

Under an agreement to share equally in the commissions on the sale of certain stock, one of the parties, who received a part of the profits made by a third party for allowing the latter to make the sale, is accountable to the other for half of such sum.

**3. SAME.**

The report of a master stating an account between partners confirmed.

In Equity. On exceptions to report of master appointed by interlocutory decree, entered August 22, 1904, to take and state the partnership account between the parties. The decision at final hearing is found in 131 Fed. 124.

Abram I. Elkus, for complainant.
Gilbert E. Roe, for defendant.

COXE, Circuit Judge. The decision at final hearing was reached after an unusually full argument and careful examination of the record. In so far as the present contention of the defendant challenges the correctness of the rulings then made it is enough to say that the court adheres to its former decision and sees no reason for change or modification.

It is not contended that the court overlooked any vital point in the testimony or any controlling principle of law.

The master has presented a careful report, indicating that he fully appreciated the argument of the defendant upon all the points debated and his conclusions should not be disturbed unless the court is clearly convinced that they are erroneous.

It is not true that the defendant is entitled to deduct any expenditure made by him which he deemed necessary and proper unless it can be shown that it related to the common undertaking and was in some way beneficial to the partnership.

The finding that the amounts disallowed, though perhaps justifiable from an individual point of view, were upon no theory beneficial to the partnership, is amply sustained by the proof. In fact, as to some of these amounts, so far as is disclosed by this record, it is difficult to understand why sums so manifestly disproportionate to the services actually rendered were paid at all.

It is argued that the complainant is not entitled to recover any part of the profits made on the sale of the Moreland stock because he worked against the interests of the partnership and endeavored to prevent the sale. Excerpts from the testimony, quoted in the defendant's brief, when considered alone and apart from the context and surroundings tend to support the contention. When, however, the relations of the parties are considered, in the light of the fact that the sale was actually effected by the partnership, it is thought that the complainant's loyalty to his friend in his endeavor to obtain the best price possible does not preclude him from sharing in the partnership profits.

The court has still some doubt regarding the Curry transaction, but the case made for the complainant now is stronger than at final hearing. The master finds and is, I think, justified in finding that the defendant was paid the sum of $48,160 on account of the sale of the Curry stock. The master says:

"This seems to be certain—that the defendant was paid that amount of money by reason of the sale of the stock of the Curry estate, and his theory of it is that he was paid that amount as his share of the profits made by others out of the sale of the stock in order that he himself might not interfere in the sale. I do not think that he is any less accountable to his partner on that account. Whether he himself sold the stock and received his commissions therefor, or whether he permitted others to make the sale and received his share of the profits made by them seems to me to be immaterial. In either event, the money was profits resulting from the sale of the Curry estate Carnegie stock, and if profits and commissions be synonymous, Van Tine was entitled to share equally with the defendant in the amount so received."

The court is inclined to agree with this conclusion and sees no reason to change its former ruling to the effect that the complainant should not lose his share of the gains made by the combined efforts of the partners because in the agreement of February 25, 1901, those gains happen to be called "commissions." It is thought that a distinction so highly refined and technical could not have been in the mind of either party at the time of the transaction.

The exceptions are overruled and the report of the master is confirmed.